**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

EIGHTH DISTRICT ELECTRICAL PENSION FUND;

EIGHTH DISTRICT ELECTRICAL PENSION
ANNUITY FUND;

JAMES MANTELE, as Chairman of the Delinquency
Committee for the EIGHTH DISTRICT ELECTRICAL
PENSION FUND, EIGHTH DISTRICT ELECTRICAL
PENSION ANNUITY FUND;

MOUNTAIN STATES LINE CONSTRUCTORS AREA
JOINT APPRENTICESHIP AND TRAINING
TRUST FUND;

LINE CONSTRUCTION BENEFIT FUND,
A HEALTH AND WELFARE FUND,

INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL UNION NO. 111; and

WESTERN LINE CONSTRUCTORS CHAPTER, NECA,

Plaintiffs,

v.

SELCON UTILITY, INC.,

Defendant.

---

**COMPLAINT**

---

Plaintiffs, for their cause of action against Defendant, Selcon Utility, Inc., state as follows:

## NATURE OF CASE

1. This is an action to collect fringe benefit contributions from Defendant, Selcon Utility, Inc., due and owing Plaintiffs, pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and membership dues from Defendant due and owing to Plaintiff International Brotherhood of Electrical Workers Local Union No. 111 pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

## PARTIES

2. Plaintiff Eighth District Electrical Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Eighth District Electrical Pension Annuity Fund (hereinafter "Annuity Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. The Annuity Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §1132(d).

4. Plaintiff Mountain States Line Constructors Area Joint Apprenticeship and Training Trust Fund (hereinafter "JATC") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration for collection purposes at 2821 South Parker Road, Suite 215, Aurora, Colorado. The JATC is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §1132(d).

5. Plaintiff Line Construction Benefit Fund, a Health and Welfare Fund (hereinafter "Lineco") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 821 Parkview Blvd., Lombard, Illinois. Lineco is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §1132(d).

6. Plaintiff James Mantele (hereinafter "Mantele") is a proper party to this action based on his official capacity and fiduciary duties as a trustee on the Pension and Annuity Funds, including the collection of contributions due said Plaintiff Funds.

7. Plaintiffs Pension Fund, Annuity Fund, JATC, and Lineco (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. §1002(37) and have been established and are maintained pursuant to §302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. §186(c)(5).

8. Plaintiff International Brotherhood of Electrical Workers Local Union No. 111 (hereinafter "Local 111") is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a), and maintains its principal office at 5965 E. 39th Avenue, Denver, Colorado. Local 111 is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §185(b).

9. Plaintiff Western Line Constructors Chapter, NECA (hereinafter "NECA") is an employer association that maintains an Administrative Maintenance Fund (hereinafter "AMF") for the defrayment of the costs of operating NECA.

10. Defendant is a corporation organized and existing under the laws of the State of Colorado; is an employer within the meaning of 29 U.S.C. § 1002(5); and is an employer affecting commerce within the meaning of § 2 of the LMRA, 29 U.S.C. § 152.

## JURISDICTION

11. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §1331.

12. Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## CAUSE OF ACTION

13. Defendant is a party to one or more collective bargaining agreements with Plaintiff Local No. 111. Said collective bargaining agreements (hereinafter "CBAs") have been in effect at all times relevant to this action.

14. At all times relevant to this action, Defendant has employed electrician employees who have performed work covered by the CBAs.

15. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust. These written agreements and/or declarations of trust are incorporated by reference into and are a material part of the CBAs between Local 111 and Defendant.

16. Defendant is obligated under the CBAs to timely submit reports and fringe benefit contributions to the Plaintiff Funds, as well as to the AMF. Defendant is required to submit such contributions in such amounts as determined by the number of hours of covered work performed by Defendant's employees at the rates established for each of the Plaintiff Funds and the AMF in the CBAs.

17. The CBAs, which incorporate the written agreements, declarations of trust, and duly-adopted rules of Plaintiff Funds, require that contributions to Plaintiff Funds be made at the

end of each month. Payments not made by the 15th day of the following month are deemed delinquent.

18. Defendant has failed to make full and timely contributions to the Plaintiff Funds and to the AMF for the hours of covered work performed by its employees during the months of May, June, August, and September, 2016. As a result, Defendant is in breach of the CBAs.

19. Defendant is liable to the Plaintiff Funds and the AMF for delinquent contributions in the amount of $59,122.85 for the months of May, June, August, and September, 2016.

20. The CBAs and ERISA provide remedies to the Plaintiff Funds in the event an employer fails to make full and timely contributions to the Plaintiff Funds for all hours of work covered by the CBAs. Among the remedies available are costs of collection, attorney fees, interest, and liquidated damages.

21. Pursuant to the CBAs and the trust agreements incorporated therein, Defendant is liable to the Plaintiff Funds for liquidated damages assessed upon the untimely and/or unpaid contributions at the rate(s) established under each of the Plaintiff Funds' trust agreements. Accordingly, Defendant is liable to the Plaintiff Funds for liquidated damages in an amount of at least $3,497.23 assessed upon the untimely and/or unpaid contributions for the months of May, June, August, and September, 2016.

22. Pursuant to the CBAs and the trust agreements incorporated therein, Defendant is liable to the Plaintiff Funds for interest at the rate(s) established under each of the Plaintiff Funds' trust agreements. Accordingly, as of November 30, 2016, Defendant is or will be liable

to the Plaintiff Funds in an amount of at least $719.90 for interest accrued upon the untimely and/or unpaid contributions for the months of May, June, August, and September, 2016. Interest continues to accrue.

23. The Plaintiff Funds have incurred and will continue to incur attorney fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions. The Funds are entitled to recover these fees and costs pursuant to the terms of the CBAs and by law.

24. The CBAs require that Defendant deduct from the wages of all covered employees work assessments or membership dues based upon each payroll hour worked by the employees covered by the CBAs. The work assessments are to be deducted in accordance with the terms of an individual and voluntary written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 186(c).

25. The terms of such dues authorization and the CBAs require Defendant to transmit the work assessments deducted from the wages of the covered employees to Plaintiff Local 111 by the end of each month. Dues transmittals not made by the 15th day of the following month are deemed delinquent.

26. Defendant has failed to transmit to Plaintiff Local 111 work assessments deducted from the wages of covered employees for work performed for the months of May, June, August, and September, 2016. As a result, Defendant is in breach of the CBAs and each individual dues authorization, and is liable to Plaintiff Local 111 for delinquent dues transmittals in the amount of $3,099.54.

27. Defendant, pursuant to the trust agreements for the Plaintiff Funds which are incorporated into the CBAs with Local 111, agreed to make timely contributions to the Plaintiff

Funds in the amounts and on the dates required in order to maintain the plan of benefits through the Plaintiff Funds.

28. Defendant has repeatedly failed to submit timely reports or contributions to the Plaintiff Funds in violation of the requirements of the Plaintiffs' trust agreements. Such failures may result in, and if not remedied may continue to result in, substantial and irreparable harm to: (a) the Plaintiff Funds, by reducing the available corpus of the Funds from which benefits are paid; and (b) the beneficiaries of the Plaintiff Funds, by causing the delay and/or denial of benefits provided by the Plaintiff Funds. Accordingly, the Plaintiff Funds are without an adequate remedy at law.

29. Plaintiffs are substantially likely to succeed on the merits of their claims against Defendant. Plaintiffs will suffer irreparable harm absent injunctive relief. The relief sought will not harm Defendant to a greater extent than that which Plaintiffs will suffer absent an injunction. The public interest is best served by an issuance of an injunction.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant is liable to Plaintiffs and entering judgment against the Defendant and in favor of Plaintiffs accordingly;

(2) Finding that Defendant is liable to the Plaintiff Funds, NECA, and Plaintiff Local 111 for delinquent contributions, work assessments, liquidated damages, and interest for the months of May, June, August, and September, 2016 in the total amount of at least $66,439.52, to be supplemented by Plaintiffs at the time judgment is entered;

(3) Allowing the Plaintiffs to apply for an award against Defendant for any and all amounts that are determined due and owing based upon employer reports received after the filing of this action, or based upon any other valid method of determining or estimating the contributions and/or work assessments that are due and owing, plus liquidated damages and/or interest on the fringe benefit contributions and/or work assessments as may be determined to be due and owing as of the date judgment is entered and thereafter;

(4) Enjoining further violations of the terms of the CBAs and the Plaintiff Funds' trust agreements incorporated therein, and requiring Defendant hereafter to submit timely contributions and reports to the Plaintiff Funds, under penalty of contempt of court;

(5) Awarding Plaintiffs their costs of this action and the reasonable attorney fees attributable to the collection of all delinquent contributions, work assessments; liquidated damages, and/or interest alleged to be due and owing Plaintiffs; and

(6) Granting Plaintiffs such other relief that the Court deems just and proper, including contributions, work assessments, interest, and liquidated damages that accrue or become due during the pendency of this action.

Dated this 13th day of December, 2016.

Respectfully submitted,

**SPENCER FANE LLP**

*S/ Michael J. Belo*
Michael J. Belo
370 17th Street
Suite 4800
Denver, Colorado 80202
Telephone: (303) 592-8313
Facsimile: (303) 629-7610
Email: mbelo@spencerfane.com
*Attorneys for Plaintiffs*

**BLAKE & UHLIG**

*S/ Robert J. Henry*
Robert J. Henry
Jon R. Dedon
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
Email: rjh@blake-uhlig.com
jrd@blake-uhlig.com
*Attorneys for Plaintiffs*

Plaintiff's Address:

Eighth District Electrical Pension Fund and Trustees
c/o Compusys, Attn: Sandra Brown
2821 South Parker Road, Suite 215
Aurora, CO 80014